IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KEITH L. BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-064 |
| | ) | |
| WARDEN A. CALDWELL; DEPUTY | ) | |
| WARDEN WATSON; CERT TEAM | ) | |
| SERGEANT GREEN;  LT. THOMPSON; | ) | |
| LT. TAYLOR; SERGEANT NORRIS; MS. | ) | |
| WEST; MS. WATTS; and DOCTOR | ) | |
| ODEM, | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, currently incarcerated at Rutledge State Prison in Columbus, Georgia, filed this case pursuant to 42 U.S.C. § 1983 regarding events taking place at Johnson State Prison in Wrightsville, Georgia.  He is proceeding *pro se* and *in forma pauperis* ("IFP").  Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING THE AMENDED COMPLAINT

### A.       BACKGROUND

In his amended complaint, Plaintiff names Defendants:  (1) A. Caldwell, (2) Deputy Warden Watson, (3) CERT Team Sergeant Green, and (4) Ms. West.  (Doc. no. 5, pp. 2-3.) Plaintiff dropped from the amended complaint the following defendants named in the original

complaint: (1) Lt. Thompson, (2) Lt. Taylor, (3) Sergeant Norris, (4) Ms. Watts, and (5) Dr. Odem. (Compare doc. no. 1 with doc. no. 5.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

From March to June 2021, several inmates scammed, drugged, and physically assaulted Plaintiff.  (Doc. no. 5, p. 5.)  Defendants Green and Watson knew about these events and told inmate Floyd Stephens to "keep him quiet."  (Id.)  Stephens and another inmate later assaulted Plaintiff.  (Id.)  When drugged, Plaintiff saw bugs, had a device implanted into him, and had headaches for several days.  (Id.)  He sustained a black eye and had problems from because of the device "placed inside [his] body."  (Id. at 5, 16.)  The device moves a lot inside his throat. (Id. at 56.)  Plaintiff complained to Unit Manager Bragg and several wardens, including Warden Caldwell, and he underwent X-rays done but could not obtain the results.  (Id. at 5, 8.)

Plaintiff wrote many letters to several different agencies including the FBI, IRS, Georgia Department of Corrections, and the Commissioner.  (Id. at 8.)  Because Plaintiff is fighting "too many cases," he could not file grievances about these issues.  (Id. at 5.)  Plaintiff requests compensatory, punitive, and nominal damages.  (Id.)

B.    **DISCUSSION**

1.    **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

2.      **Plaintiff Fails to State a Failure to Protect Claim Against Defendants Green and Watson**

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against prison officials for cruel and unusual punishment. Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34). To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations

omitted). These three elements are evaluated in part by an objective standard and in part by a subjective standard. See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard. The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective. To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm. To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability. Brown, 894 F.2d at 1537. Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Farmer, 511 U.S. at 835-39; see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff alleges Defendants Green and Watson knew about him being drugged so that an "unknown device" could be planted in him and later told inmate Floyd Stephens to "keep him quiet." (Doc. no. 5, p. 5.) Plaintiff does not allege Defendants were aware of these events before they purportedly happened or knew of any specific threats that would invoke a substantial risk of harm. Plaintiff's delusional assertion that Defendants knew an "unknown device" was planted in him is insufficient to state a claim. There was no deliberate indifference to Plaintiff. Therefore, Plaintiff fails to state a claim against Defendants Green and Watson.

### 3.    Plaintiff fails to state a claim against Defendants Thompson, Taylor, Norris, Watts, Odem, and West

Plaintiff fails to state a claim against Defendants Thompson, Taylor, Norris, Watts, Odem, and West.  As previously noted, Plaintiff's amended complaint supersedes and replaces in its entirety the previous complaint filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).  While Plaintiff names Defendants Thompson, Taylor, Norris, Watts, and Odem in the original complaint, but he does not name them in the caption or any portion of his amended complaint.  Furthermore, while Plaintiff names Defendant West in both the original and amended complaint, Plaintiff does not name Defendant West in any other area of his amended complaint other than the caption and stating he told Defendant West about this claim.  (Doc. no. 6, pp. 2-3, 8.)  Plaintiff therefore does not connect any of these Defendants with a purported constitutional violation.  Dismissal is therefore appropriate.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Accordingly, Defendants Thompson, Taylor, Norris, Watts, Odem, and West should be dismissed.

### 4.    Plaintiff fails to State a Supervisory Liability Claim Against Defendant Caldwell

"Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of respondeat superior.  See Kruger v. Jenne, 164

F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employers who provided medical care for state inmates could not be sued under § 1983 on respondeat superior theory).  "Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).

In Plaintiff's complaint, he does not mention Defendant Caldwell other than a conclusory assertion that Defendant Caldwell was told about his medical issues and that Plaintiff could not file anymore grievances, but Defendant said he could "do nothing."  (Doc. no. 5, p. 8.)  Such allegations do not establish direct involvement by Defendant Caldwell.  See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (per curiam) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, inter alia, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Blackerby v. McNeil, No. CV 307-071, 2008 U.S. Dist. LEXIS 38751, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with the plaintiff's wishes concerning information in a grievance and a letter); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), cert. denied, 530 U.S. 1264 (2000); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing

allegedly improper prison conditions).

Therefore, Plaintiff must allege a causal connection between Defendant Caldwell and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to allege facts sufficient to support the necessary causal connection. Plaintiff has not alleged (1) a history of widespread abuse at Johnson State Prison, (2) an improper custom or policy put in place by Defendant Caldwell or (3) an inference Defendant Caldwell directed prison employees to act, or knew they would act, unlawfully.  At best, Plaintiff has alleged he attempted to use the grievance procedure or somehow notified the supervisory defendant of problems, and his grievances and complaints were either denied, not investigated to his satisfaction, or he was not allowed to file anymore because of his numerous previous filings.  But as explained, and because a prison grievance procedure does not provide

a constitutionally protected interest, supervisory liability cannot be imposed based on a grievance denial. Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011) (*per curiam*).

In sum, Plaintiff has not shown that Defendant Caldwell participated in any alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Caldwell.

### 5.    Plaintiff's Official Capacity Monetary Claims

Plaintiff is suing Defendants Caldwell, Watson, Green, and West in their individual and official capacities.  (Doc. no. 5, pp. 2-3.)  However, the Eleventh Amendment bars official capacity claims against state officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Therefore, Plaintiff's official capacity claim against these Defendants for monetary relief fails as a matter of law.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of December, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA