```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF GEORGIA
                       DUBLIN DIVISION
```

KEITH L. BAKER,                         *
                                        *
    Plaintiff,                          *
                                        *
v.                                      *
                                        *
WARDEN A. CALDWELL; DEPUTY              *       CV 322-064
WARDEN WATSON; CERT TEAM                *
SERGEANT GREEN; LT. THOMPSON;           *
LT. TAYLOR; SERGEANT NORRIS;            *
MS. WEST; MS WATTS; and DOCTOR          *
ODEM,                                   *
                                        *
    Defendants.                         *

O R D E R

    The captioned case was dismissed upon adoption of the United States Magistrate Judge's Report and Recommendation because Plaintiff Keith L. Baker had failed to state a claim upon which relief can be granted. (Doc. Nos. 19 & 22.)

    Over twenty-eight days after judgment was entered in the case, Plaintiff filed a request to have the case "mov[e] forward" because he had not received the Report and Recommendation. The request is essentially a motion for reconsideration, which filed later than twenty-eight days after judgment is considered under Federal Rule of Civil Procedure 60(b).

    Rule 60(b) allows a party to seek relief or reopen his case based upon the following limited circumstances: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been discharged; or (6)

"any other reason that justifies relief." "[T]he aim of Rule 60(b) [is] to allow a district court to grant relief when its judgment rests upon a defective foundation." Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1291-92 (11th Cir. 2004). In this case, Plaintiff cites no appropriate grounds for reconsideration other than to point out that he did not have the opportunity to object to the Report and Recommendation. Yet, Plaintiff points to no change in the law, new evidence, or other development that calls into question the Court's conclusion. And, upon further review, the Court again concludes that the grounds upon which the judgment rests are unassailable.

"When evaluating a motion for reconsideration, a court should proceed cautiously, realizing that "in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (quoted source omitted). Plaintiff has failed to convince the Court that this high hurdle has been surmounted here. Accordingly, the motion for reconsideration (doc. no. 24) is **DENIED**. This case remains closed.

ORDER ENTERED at Augusta, Georgia this 6th day of September, 2023.

*[Signature]*
UNITED STATES DISTRICT JUDGE